UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DARION DASHON HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-00148-SEB-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Petitioner Darion Dashon Harris pleaded guilty to aiding and abetting the use of a firearm during and in relation to a crime of violence, resulting in murder in violation of 18 U.S.C. § 924(j). *United States v. Harris*, 4:15-cr-6-SEB-VTW ("Cr. Dkt.") Dkt. 157. The underlying crime of violence was robbery interfering with interstate commerce, 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"). *Id.* ¶ 4. Mr. Harris seeks relief from his conviction in this motion for relief pursuant to 28 U.S.C. § 2255. For the reasons explained in this Order, Mr. Harris is not entitled to relief. This action is dismissed with prejudice and a certificate of appealability shall not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On March 11, 2015, Mr. Harris was charged with robbery affecting commerce, in violation 18 U.S.C. §§ 1951(a) and 2 (Count 1); conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (Count 2); using, carrying, and/or discharging a firearm during the robbery, resulting in death, in violation of 18 U.S.C. § 924(j) and 2 (Count 3); and stealing firearms from a federal firearm licensee, in violation of 18 U.S.C. § 922(u) (Count 4). Cr. Dkt. 1.

In December of 2018, Mr. Harris filed a petition to enter a plea of guilty and a plea agreement. Cr. Dkt. 157. He agreed to plead guilty to Count 3 and the government agreed to dismissed Counts 1, 2, and 4. *Id.* ¶ 1-3. The parties agreed on a sentencing range of 300-420 months. Mr. Harris's combined plea and sentencing hearing was held on July 18, 2019. Cr. Dkt. 180. The Court accepted the guilty plea and sentenced him to 360 months' imprisonment. *Id.*; Cr. Dkt. 183. Mr. Harris appealed, but his appeal was dismissed. Cr. Dkt. 189.

## III. Discussion

In support of his § 2255 motion, Mr. Harris argues that his counsel provided him ineffective assistance. Specifically, he argues that Hobbs Act Robbery does not qualify as a crime of violence

and therefore his conviction under § 924(j) should be vacated.[1] He also argues that his counsel failed to challenge the multiplicitous indictment.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021).

**A. Hobbs Act Robbery**

Mr. Harris argues that he is entitled to relief from his conviction under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Mr. Harris pleaded guilty to using, carrying, and/or discharging a firearm during the robbery, resulting in death, in violation of 18 U.S.C. § 924(j). That statute provides the penalties for anyone who causes another person's death in the course of violating § 924(c), which provides enhanced penalties for using a firearm "during and in relation to any crime of violence." In *Davis* the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. Mr. Harris contends that under *Davis*, his underlying crime, Hobbs Act Robbery, fails to qualify as a "crime of violence" under § 924(c) and therefore also § 924(j). He concludes that his conviction is therefore invalid.

Before *Davis*, § 924(c) defined "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause. 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court

---

[1] The United States argues that Mr. Harris waived this claim as part of his plea agreement. But Mr. Harris asserts in his reply that this claim is a claim that his counsel provided ineffective assistance and the Court construes the claim as such.

invalided the residual clause as unconstitutionally vague. 139 S. Ct. at 2324. However, Hobbs Act Robbery, 18 U.S.C. § 1951(a), remains a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019); *United States v. Fox*, No. 18-3087, 2019 WL 5783473, at *2 (7th Cir. Nov. 6, 2019). This is because it includes the use, or threatened use of physical force against the person or property of another. § 1951(b) (defining robbery).

Because Hobbs Act Robbery remains a crime of violence under § 924(c), Mr. Harris's conviction for using a firearm during and in relation to a crime of violence, resulting in murder remains valid. His counsel did not perform deficiently in failing to challenge this charge.

### B. Multiplicitous Indictment

Mr. Harris also argues that his counsel provided ineffective assistance by allowing him to be charged by way of a "multiplicitous" indictment. "A multiplicitous indictment charges a single offense as separate counts…in violation of the Double Jeopardy Clause of the Fifth Amendment." *United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015) (internal quotation omitted). Specifically, Mr. Harris contends his charges for Hobbs Act Robbery and conspiracy to commit Hobbs Act Robbery were multiplicitous. But "a substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992). Because these charges were not the same offense, his indictment was not multiplicitous, and counsel did not perform deficiently by not objecting to it.

### IV. Conclusion

The motion pursuant to § 2255 is **DENIED**. Judgment consistent with this Entry shall now issue. The clerk shall also enter this Order on the docket in the underlying criminal action, No.

4:15-cr-6-SEB-VTW-3. The motion to vacate, dkt. [207], shall also be terminated in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Harris has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/13/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DARION DASHON HARRIS
12658-028
MANCHESTER - FCI
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
barry.glickman@usdoj.gov